**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

|  |  |
|---|---|
| ATHENA AG, INC.<br>        a Florida corporation,<br><br>                          Plaintiff,<br><br>        v.<br><br>TCM GLOBAL HOLDINGS INC.<br>        a New York corporation,<br>TCM GLOBAL HOLDINGS INC.<br>        a New Jersey corporation,<br>WEI PING CHEN<br>        an individual New York citizen,<br><br>                          Defendants. | Civil Action No. _____<br><br><br><br>**Jury Trial Demanded** |

**COMPLAINT**

Plaintiff ATHENA AG, INC. ("ATHENA"), by and through its attorneys, for its Complaint against Defendants TCM GLOBAL HOLDINGS INC., a New York corporation, and TCM GLOBAL HOLDINGS INC., a New Jersey corporation (collectively, "TCM"), and WEI PING CHEN, owner of both corporations ("CHEN") (TCM and CHEN collectively referred to as "Defendants"), states as follows:

**SUMMARY**

1.      ATHENA brings this action to recover damages resulting from copyright infringement by Defendants.

2.      Defendants have reproduced, prepared derivative works, distributed, displayed, and otherwise misused ATHENA's protected work.

3.      Defendants' conduct has caused and continues to cause substantial and irreparable harm to Plaintiff.

**THE PARTIES**

4.      Plaintiff ATHENA AG, INC. is a Florida corporation with its principal place of business at 1300 Marsh Landing Parkway, Jacksonville Beach, Florida 32250.

5.      Defendant TCM GLOBAL HOLDINGS INC. is a New York corporation (identification number 5826702) with an address of 17 Lake Road, Great Neck, New York 11020. The Registered Agent is listed as Wei Ping Chen with an address of 17 Lake Road, Great Neck, New York 11020.

6.      Defendant TCM GLOBAL HOLDINGS INC. is a New Jersey corporation (identification number 0451338716) with an address of 99 Jersey Avenue, New Brunswick, New Jersey 08901. The Registered Agent is listed as Wei Ping Chen.

7.      Defendant WEI PING CHEN is an individual listed as an officer for each of the TCM GLOBAL HOLDINGS INC. New York and New Jersey corporations. CHEN personally participated in, directed, approved, and controlled the conduct giving rise to liability.

**JURISDICTION AND VENUE**

8.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), as this action involves claims brought under federal law, the Copyright Act, 17 U.S.C. § 101, et seq.

9.      Defendants are subject to personal jurisdiction in this Court because it purposefully aimed its activities at the State of Illinois from which the claims asserted in this Complaint arise. Defendants operate and display its website, www.tcmnutrients.com and www.tcmfertilizer.com, throughout the State of Illinois, intentionally targeting Illinois residents and conducting business within this State. Defendants have infringed ATHENA's copyrighted

2

work through business activities occurring in, and purposefully directed to, the State of Illinois and this judicial district, including the advertising, offering for sale, and sale of goods and services through the Internet. Moreover, the activities complained of, including the unauthorized use and display of ATHENA's copyrighted work occurred in this judicial district..

10.     Venue is proper in this District under 28 U.S.C. §§1391 and 1400. Acts, events, and/or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district. Defendants have knowingly committed tortious acts aimed at Plaintiff and is causing harm in this state and this district.

## PLAINTIFF'S BUSINESS AND COPYRIGHTED WORK

11.     Since at least 2017, Plaintiff ATHENA has developed, marketed, and sold specialty fertilizers, plant nutrients, cultivation inputs, and related products designed for hydroponic and controlled-environment agriculture, including products commonly used in the cultivation of cannabis and other- high-value crops.

12.     Plaintiff ATHENA is not engaged in the cultivation, manufacture, processing, distribution, or sale of cannabis. Rather, ATHENA develops, manufactures, markets, and sells specialty fertilizers, plant nutrients, cultivation inputs, and related agricultural products that may be used in connection with a variety of crops including cannabis where permitted by applicable law. ATHENA does not possess, handle, process, distribute, or sell cannabis and is not a cannabis license holder. ATHENA operates as a non-plant-touching agricultural products company and is not subject to Internal Revenue Code Section 280E or other cannabis-specific regulations applicable to businesses engaged in the trafficking, cultivation, manufacture, or sale of cannabis.

3

13.     ATHENA distributes its products through a network of authorized distributors, retailers, hydroponic supply stores, cultivation suppliers, and other commercial sales channels. Through these distribution channels, ATHENA's products are sold to and used by commercial-scale cultivators, licensed cannabis producers, agricultural operations, and small-scale growers throughout the United States and internationally seeking premium cultivation products and support. ATHENA owns and operates website located at the domain www.athenaag.com.

14.     ATHENA has invested millions of dollars in research and development, product testing, cultivation trials, marketing, branding, customer support, and quality control in connection with its products and services.

15.     ATHENA created a handbook in 2023 (the "Work"). The handbook is designed to give growers standard operating procedures (SOPs), feed schedules, irrigation strategies, and environmental guidelines that eliminate inconsistency and increase yield, potency, and predictability. A copy of the copyright Certificate of Registration TX 9-311-068 issued by the United States Copyright Office, for the subject handbook, is attached as **Exhibit Q**.

16.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

**DEFENDANTS UNLAWFUL ACTIVITIES**

17.     Defendants TCM are direct competitors of ATHENA.

18.     Defendants advertise and market its business through its websites, including www.tcmnutrients.com and www.tcmfertilizer.com, as well as through other forms of commercial advertising.

19. In or about March 2026, ATHENA discovered a catalog TCM Flourish Series Product Catalog – Catalog -08 ("TCM Catalog"), which had been reproduced, displayed and distributed by Defendants.

20. Upon information and belief, Defendants obtained a copy of the Work and directly copied it within the TCM Catalog for its own commercial benefit.

21. At least 26 pages of the Work have been copied and appear across at least 16 pages of the TCM Catalog. A list identifying each infringed item, along with screenshots of the infringing material, is attached as **Exhibits A through P**.

22. Defendants are not, and have never been, licensed, or otherwise authorized to use, reproduce, or display the Work. Defendants never contacted ATHENA to seek permission to use the Work.

23. Defendants have used and continue to use the Work for commercial purposes.

24. ATHENA notified Defendants in writing of its unauthorized use of the Work.

25. Despite receiving written notice, Defendants failed to respond and have continued - without authorization - to reproduce, display, and otherwise infringe the Work. Defendants' continued conduct after receiving notice constitutes willful infringement.

## COUNT I – COPYRIGHT INFRINGEMENT

26. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated again.

27. Plaintiff asserts violation of the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

28. Plaintiff has secured and owns exclusive rights in and to the Work.

29.     Defendants had access to the Work and copied it without authorization. Defendants have reproduced, distributed, displayed, publicly displayed, and otherwise transferred copies of Plaintiff's copyrighted material without right or permission. Defendants have further infringed Plaintiff's copyrights by creating unauthorized derivative works and displaying those derivative works.

30.     Defendants' infringement was willful, as they engaged in the unauthorized copying and use of the Work with actual knowledge of Plaintiff's copyright and continued such conduct after receiving written notice, thereby demonstrating at least reckless disregard for Plaintiff's rights.

31.     By its actions, Defendants have infringed and violated Plaintiff's exclusive rights under the Copyright Act.

32.     Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

33.     As a result of Defendants' infringement, Plaintiff has suffered actual damages and irreparable harm and will continue to suffer such harm absent preliminary and permanent injunctive relief. Plaintiff has no adequate remedy at law.

34.     Plaintiff is entitled to recover actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election pursuant to 17 U.S.C. § 504(b), is entitled to recover damages based on a disgorgement of Defendants' profits attributable to the infringement, in amounts to be proven at trial.

35.     Plaintiff is entitled to recover statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover costs and attorneys' fees incurred as a result of Defendants' conduct.

## REQUEST FOR RELIEF

Plaintiff respectfully requests this Court to enter judgment against all Defendants granting the following relief:

37.     A declaration that Defendants have infringed Plaintiff's copyrights in the Work;

38.     A declaration that such infringement is willful;

39.     An award for actual damages and disgorgement of profits and/or an award of statutory damages for each copyright comprising the Work;

40.     Awarding Plaintiff costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

41.     Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

42.     Permanently enjoining Defendants, its employees, agents, officers, directors, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyright or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

43.     Any other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

7

Date: June 24, 2026

Respectfully submitted,

/s/ Allison M. Corder
Allison M. Corder, ARDC 6276467

REDROC IP LLC
230 W. Monroe Street, Suite 2210
Chicago, Illinois 60606
(847) 508-2554
allison@redrocip.com

Attorney for Plaintiff